# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARY E. CORTEZ,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-2327 (JR) |
| v. ) | |
| ) | |
| **EDWARD SCHAFER,** Secretary, ) | |
| United States Department of Agriculture ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Edward T. Schafer, Secretary, United States Department of Agriculture ("Defendant" or "USDA") by and through undersigned counsel, hereby answers Plaintiff's First Amended Complaint as follows:

## FIRST DEFENSE

Plaintiff has failed to state a claim for which relief can be granted.

## SECOND DEFENSE

Defendant took actions admitted in the Complaint for legitimate, nondiscriminatory reasons and Plaintiff cannot demonstrate pretext for discrimination.

## THIRD DEFENSE

Defendant reserves the right to assert affirmatively any other matter that constitutes an avoidance or affirmance under Fed. R. Civ. P. 8(c).

Defendant answers the numbered and unnumbered paragraphs of the First Amended Complaint as follows:

## **FIRST AMENDED COMPLAINT**

1. Defendant admits that Plaintiff brings the instant action, and seeks relief, pursuant to Title VII, the Rehabilitation Act, and the Age Discrimination in Employment Act. Defendant admits that Plaintiff is a female of Mexican-American national origin whose date of birth is October 20, 1943. Defendant denies the allegations contained in the remainder of paragraph one.

2. Paragraph two is Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## **PARTIES**

3. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in the third sentence of paragraph three, and so denies. Defendant admits the allegations contained in the remainder of paragraph three.

4. Defendant denies the allegations contained in the first sentence of paragraph four. Defendant admits the allegations contained in the remainder of paragraph four.

## **JURISDICTION AND VENUE**

5. Paragraph five is a conclusion of law concerning jurisdiction, which does not require a response. To the extent a response is required, Defendant denies the allegations contained in paragraph five.

6. Paragraph six is a conclusion of law concerning jurisdiction, which does not require a response. To the extent a response is required, Defendant denies the allegations contained in paragraph six.

7. Paragraph seven is a conclusion of law concerning venue and jurisdiction, which does not require a response. To the extent a response is required, Defendant denies the allegations contained in paragraph seven.

8. Paragraph eight contains a conclusion of law, which does not require a response. To the extent a response is required, Defendant denies the allegations contained in paragraph eight.

## FACTS

9. Defendant admits that Plaintiff is a Mexican-American female. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in the remainder of paragraph nine, and so denies.

10. Defendant denies the allegations contained in the third sentence of paragraph ten. Defendant admits the allegations contained in the remainder of paragraph ten.

11. Defendant denies the allegations contained in paragraph eleven.

12. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph twelve, and so denies.

13. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph thirteen, and so denies.

14. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph fourteen, and so denies.

15. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph fifteen, and so denies.

16. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph sixteen, and so denies.

17.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph seventeen, and so denies.

18.     Defendant admits that Plaintiff used an alternative work schedule during a period of her employment at USDA. Defendant denies the allegations contained in the remainder of paragraph eighteen.

19.     Defendant admits that Plaintiff was employed with the United States Forest Service in San Francisco, California. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in the remainder of paragraph nineteen, and so denies.

20.     Defendant admits the allegations contained in the first sentence of paragraph twenty. Defendant denies the allegations contained in the remainder of paragraph twenty.

21.     Defendant denies the allegations contained in paragraph twenty-one.

22.     Defendant admits the allegations contained in paragraph twenty-two.

23.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in the third sentence of paragraph twenty-three, and so denies. Defendant admits the allegations contained in the remainder of paragraph twenty-three.

24.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph twenty-four, and so denies.

25.     Defendant admits that Plaintiff received a rating of outstanding in 2004. Defendant denies the allegations contained in the remainder of paragraph twenty-five.

26.     Defendant admits the allegations contained in the first sentence of paragraph twenty-six. Defendant denies the allegations contained in the remainder of paragraph twenty-six.

27.     Defendant denies the allegations contained in paragraph twenty-seven.

28.     Defendant denies the allegations contained in paragraph twenty-eight.

29. Defendant admits that on May 2, 2005 Mr. Thompson informed Plaintiff that she was on leave restriction and required Plaintiff to work set hours. Defendant denies the allegations contained in the remainder of paragraph twenty-nine.

30. Defendant admits the allegations contained in paragraph thirty.

31. Defendant admits the allegations contained in paragraph thirty-one.

32. Defendant admits that on September 13, 2005 Plaintiff submitted a request that the leave restriction be rescinded and that she be allowed to change her tour of duty. Defendant denies the allegations contained in the remainder of paragraph thirty-two.

33. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph thirty-three, and so denies.

34. Defendant admits that Plaintiff provided a Family Medical Leave Act ("FMLA"), Certification of Health Care Provider Form, which is used in conjunction with FMLA leave requests, to Mr. Thompson. Defendant denies the allegations contained in the remainder of paragraph thirty-four.

35. Defendant admits that Plaintiff received a "fully successful" rating on September 13, 2005. Defendant denies the remaining allegations contained in paragraph thirty-five.

36. Defendant admits that Plaintiff met with Ms. True, Mr. Thompson, and Dr. Bails on October 21, 2005; Plaintiff was referred to the Departmental Regulation on reasonable accommodation and informed that she should contact Terry Thir, Departmental Disability Employment Program Manager, for assistance if she would like to file a reasonable accommodation request. Defendant denies the allegations contained in the remainder of paragraph thirty-six.

37. Defendant denies the allegations contained in paragraph thirty-seven.

38. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph thirty-eight, and so denies.

39. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph thirty-nine, and so denies.

40. Defendant admits that Plaintiff received an unacceptable performance rating on September 27, 2006. Defendant denies the allegations contained in the remainder of paragraph forty.

41. Defendant admits the allegations contained in the first and fifth sentences of paragraph forty-one. Defendant denies the allegations contained in the remainder of paragraph forty-one.

42. Defendant denies the allegations contained in paragraph forty-two.

43. Defendant denies the allegations contained in paragraph forty-three.

44. Defendant denies the allegations contained in paragraph forty-four.

45. Defendant denies the allegations contained in paragraph forty-five.

46. Defendant admits that on March 5, 2007 Plaintiff received a letter proposing her termination, and on June 4, 2007 Plaintiff was terminated. Defendant denies the allegations contained in the remainder of paragraph forty-six.

47. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph forty-seven, and so denies.

## CAUSES OF ACTION

### COUNT I

48.  Defendant denies the allegations contained in paragraph forty-eight.

### COUNT II

49.  Defendant denies the allegations contained in paragraph forty-nine.

### COUNT III

50.  Defendant denies the allegations contained in paragraph fifty.

## RELIEF REQUESTED

51. Paragraph fifty-one contains Plaintiff's prayer for relief, to which no answer is required, but insofar as an answer is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever. Any relief would be limited by 42 U.S.C. § 2000e-5(g)(2)(B).

## JURY TRIAL

52. Paragraph fifty-two contains Plaintiff's request for jury trial, to which no answer is required.

Defendant hereby specifically denies each and every allegation contained in Plaintiff's First Amended Complaint not hereinbefore otherwise answered.

Having fully answered, Defendant respectfully requests that this action be dismissed with prejudice, and that Defendant be awarded costs and such other relief as this Court deems appropriate.

Respectfully Submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


  /s/
_____
WYNEVA JOHNSON, D.C. BAR #278515
Assistant United States Attorney
555 4th Street, N.W., E-4106
Washington, D.C. 20530
(202) 514-7224

OF COUNSEL:

STEVEN BRAMMER,
DIONNE SETHNA
United States Department of Agriculture
Office of the General Counsel
Civil Rights Division